49ζ



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Roy A. Jones
County Attorney
Cottle County
Paducah, Texas

Dear Sir:

Opinion No. O-4911
Re: Can a county judge place
the name of a candidate
for a State office on the
official ballot for the
general election to be
held November 3, 1942,
if the candidate is in
the United States Armed
Forces and has not filed
an affidavit of loyalty
with the Secretary of
State as required by Art.
2978a?

Your request for an opinion on the above matter
has been received and carefully considered. We quote from
your request as follows:

"Paul Eubanks of Matador, Motley County,
Texas, won the Democratic nomination for State
Representative of this district in our Demo-
cratic Primaries this past summer. At the
present time he is a member of our United
States Armed forces and he has not sent in an
affidavit of loyalty as required under Article
2978 a, Acts of the 47th Legislature, 1941, to
the Secretary of State and his name has not
been certified by the Secretary of State to go
on the official ballot for Cottle county, Texas.

"I should therefore greatly appreciate your answer to this question:

"'Can a County Judge place the name of a candidate for a State office on the official ballot for the General election to be held November 3, 1942, if the candidate is in the United States Armed forces and has not filed an affidavit of loyalty with the Secretary of State as required by Article 2978 a, Acts of the 47th Legislature, 1941?'"

Section 1 of Article 2978a, reads as follows:

"Section 1. No person shall be permitted to have his name appear upon said official ballot as a candidate for any office in this State unless and until he shall file with the Secretary of State his affidavit, in a form to be prescribed by the Attorney General, that if elected to the office which he seeks, he will support and defend the Constitution and Laws of the United States and of Texas. Said affidavit shall further recite that such candidate believes in, approves of and if elected will support and defend our present representative form of government, and will resist any effort or movement from any source which seeks to subvert or destroy the same or any part thereof. Use of the masculine term herein shall be construed to include the feminine."

This statute is plain and unambiguous and, while it has not been passed upon by our Courts, it is the opinion of this department that same is binding and must be complied with in order for a candidate to have his name upon the official ballot. Therefore, we answer your inquiry in the negative and hold that a county judge cannot place the name of a candidate for a State office on the official ballot for the General election to be held November 3, 1942, under the facts stated by you.

Honorable Ray A. Jones, Page 3

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Jas. W. Bassett_
Jas. W. Bassett
Assistant

APPROVED OCT 14, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

JWB:ff

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN